1 | STEPHANIE S. CHRISTENSEN
Acting United States Attorney
2 | SCOTT M. GARRINGER
Assistant United States Attorney
3 | Chief, Criminal Division
NIKKI BURACCHIO ELKERTON (Cal. Bar No. 204942)
4 | Special Assistant United States Attorney
Santa Ana Branch Office
5 |     8000 United States Courthouse
411 West Fourth Street
6 |     Santa Ana, California 92701
Telephone: (714) 338-2829
7 |     Facsimile: (714) 338-3561
E-mail:   nikki.elkerton@usdoj.gov
8 |
Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

```
                                FILED
                        CLERK, U.S. DISTRICT COURT

                             9/9/2022

                        CENTRAL DISTRICT OF CALIFORNIA
                        BY:        DTA        DEPUTY
```

10 |                 UNITED STATES DISTRICT COURT

11 |              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,          No. SA CR 21-192(A)-JVS

13 |          Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                       MATTHEW BENJAMIN HURLEY
14 |          v.

15 | MATTHEW BENJAMIN HURLEY,

16 |          Defendant.

17 |

18 |     1.   This constitutes the plea agreement between MATTHEW

19 | BENJAMIN HURLEY ("defendant") and the United States Attorney's Office

20 | for the Central District of California (the "USAO") in the above-

21 | captioned case.  This agreement is limited to the USAO and cannot

22 | bind any other federal, state, local, or foreign prosecuting,

23 | enforcement, administrative, or regulatory authorities.

24 |                 DEFENDANT'S OBLIGATIONS

25 |     2.   Defendant agrees to:

26 |          a.   Give up the right to indictment by a grand jury and,

27 | at the earliest opportunity requested by the USAO and provided by the

28 | Court, appear and plead guilty to a First Superseding Information in

1  the form attached to this agreement as Exhibit A or a substantially

2  similar form, which charges defendant with possession with intent to

3  distribute fentanyl, a schedule II narcotic drug controlled

4  substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

5          b.   Not contest facts agreed to in this agreement.

6          c.   Abide by all agreements regarding sentencing contained

7  in this agreement.

8          d.   Appear for all court appearances, surrender as ordered

9  for service of sentence, obey all conditions of any bond, and obey

10 any other ongoing court order in this matter.

11         e.   Not commit any crime; however, offenses that would be

12 excluded for sentencing purposes under United States Sentencing

13 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

14 within the scope of this agreement.

15         f.   Be truthful at all times with the United States

16 Probation and Pretrial Services Office and the Court.

17         g.   Pay the applicable special assessment at or before the

18 time of sentencing unless defendant has demonstrated a lack of

19 ability to pay such assessments.

20         h.   Recommend that defendant be sentenced to a term of

21 imprisonment of no less than 120 months and not seek, argue, or

22 suggest in any way, either orally or in writing, that the Court

23 impose a term of imprisonment below 120 months.

                      THE USAO'S OBLIGATIONS

25    3.   The USAO agrees to:

26         a.   Not contest facts agreed to in this agreement.

27         b.   Abide by all agreements regarding sentencing contained

28 in this agreement.

1          c.   At the time of sentencing, move to dismiss the

2   underlying indictment as against defendant.  Defendant agrees,

3   however, that at the time of sentencing the Court may consider any

4   dismissed charges in determining the applicable Sentencing Guidelines

5   range, the propriety and extent of any departure from that range, and

6   the sentence to be imposed.

7          d.   At the time of sentencing, provided that defendant

8   demonstrates an acceptance of responsibility for the offenses up to

9   and including the time of sentencing, recommend a two-level reduction

10  in the applicable Sentencing Guidelines offense level, pursuant to

11  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

12  additional one-level reduction if available under that section.

13         e.   Recommend that defendant be sentenced to a term of

14  imprisonment no higher than the low end of the applicable Sentencing

15  Guidelines range, provided that the offense level used by the Court

16  to determine that range is 35 or higher and provided that the Court

17  does not depart downward in offense level or criminal history

18  category.  For purposes of this agreement, the low end of the

19  Sentencing Guidelines range is that defined by the Sentencing Table

20  in U.S.S.G. Chapter 5, Part A.

21                       NATURE OF THE OFFENSE

22      4.   Defendant understands that for defendant to be guilty of

23  the crime charged in the First Superseding Information, that is,

24  possession with intent to distribute fentanyl, in violation of 21

25  U.S.C. § 841(a)(1), the following must be true: (1) defendant

26  knowingly possessed fentanyl, a Schedule II narcotic drug controlled

27  substance; and (2) defendant possessed the fentanyl with the intent

28  to distribute it to another person.

1                                   PENALTIES

2       5.   Defendant understands that the statutory maximum sentence

3  that the Court can impose for a violation of Title 21, United States

4  Code, Sections 841(a)(1), (b)(1)(C), is: 20 years' imprisonment; a

5  lifetime period of supervised release; a fine of $1,000,000 or twice

6  the gross gain or gross loss resulting from the offense, whichever is

7  greatest; and a mandatory special assessment of $100.  Defendant

8  understands that the Court must impose a term of supervised release

9  that is not less than three years.

10      6.   Defendant understands that under 21 U.S.C. § 862a,

11 defendant will not be eligible for assistance under state programs

12 funded under the Social Security Act or Federal Food Stamp Act or for

13 federal food stamp program benefits, and that any such benefits or

14 assistance received by defendant's family members will be reduced to

15 reflect defendant's ineligibility.

16      7.   Defendant understands that supervised release is a period

17 of time following imprisonment during which defendant will be subject

18 to various restrictions and requirements.  Defendant understands that

19 if defendant violates one or more of the conditions of any supervised

20 release imposed, defendant may be returned to prison for all or part

21 of the term of supervised release authorized by statute for the

22 offense that resulted in the term of supervised release, which could

23 result in defendant serving a total term of imprisonment greater than

24 the statutory maximum stated above.

25      8.   Defendant understands that, by pleading guilty, defendant

26 may be giving up valuable government benefits and valuable civic

27 rights, such as the right to vote, the right to possess a firearm,

28 the right to hold office, and the right to serve on a jury. Defendant

1 understands that he is pleading guilty to a felony and that it is a
2 federal crime for a convicted felon to possess a firearm or
3 ammunition.   Defendant understands that the conviction in this case
4 may also subject defendant to various other collateral consequences,
5 including but not limited to revocation of probation, parole, or
6 supervised release in another case and suspension or revocation of a
7 professional license.   Defendant understands that unanticipated
8 collateral consequences will not serve as grounds to withdraw
9 defendant's guilty plea.
10      9.    Defendant and his counsel have discussed the fact that, and
11 defendant understands that, if defendant is not a United States
12 citizen, the conviction in this case makes it practically inevitable
13 and a virtual certainty that defendant will be removed or deported
14 from the United States.   Defendant may also be denied United States
15 citizenship and admission to the United States in the future.
16 Defendant understands that while there may be arguments that
17 defendant can raise in immigration proceedings to avoid or delay
18 removal, removal is presumptively mandatory and a virtual certainty
19 in this case.   Defendant further understands that removal and
20 immigration consequences are the subject of a separate proceeding and
21 that no one, including his attorney or the Court, can predict to an
22 absolute certainty the effect of his conviction on his immigration
23 status.   Defendant nevertheless affirms that he wants to plead guilty
24 regardless of any immigration consequences that his plea may entail,
25 even if the consequence is automatic removal from the United States.
26                              FACTUAL BASIS
27      10.   Defendant admits that defendant is, in fact, guilty of the
28 offense to which defendant is agreeing to plead guilty.   Defendant

1 | and the USAO agree to the statement of facts provided below and agree
2 | that this statement of facts is sufficient to support a plea of
3 | guilty to the charge described in this agreement and to establish the
4 | Sentencing Guidelines factors set forth in paragraph 13 below but is
5 | not meant to be a complete recitation of all facts relevant to the
6 | underlying criminal conduct or all facts known to either party that
7 | relate to that conduct.

8 | On or about midnight on August 3, 2020, in the parking lot of
9 | the Travelodge located on Newport Boulevard in the city of Costa
10 | Mesa, California, within the Central District of California,
11 | defendant knowingly possessed a controlled substance, namely,
12 | fentanyl, a Schedule II narcotic drug controlled substance with the
13 | intent to distribute the fentanyl to another person.  At that same
14 | date, time, and location, defendant sold a baggie, containing a
15 | usable quantity of fentanyl in powder form, to victim R.A. and her
16 | friend, S.M., for $50.  Shortly thereafter, victim R.A. ingested the
17 | fentanyl supplied by defendant, resulting in R.A.'s death from a
18 | fatal fentanyl overdose later on or about August 3, 2020.

19 | SENTENCING FACTORS

20 | 11.  Defendant understands that in determining defendant's
21 | sentence the Court is required to calculate the applicable Sentencing
22 | Guidelines range and to consider that range, possible departures
23 | under the Sentencing Guidelines, and the other sentencing factors set
24 | forth in 18 U.S.C. § 3553(a).  Defendant understands that the
25 | Sentencing Guidelines are advisory only, that defendant cannot have
26 | any expectation of receiving a sentence within the calculated
27 | Sentencing Guidelines range, and that after considering the
28 | Sentencing Guidelines and the other § 3553(a) factors, the Court will

1    be free to exercise its discretion to impose any sentence it finds

2    appropriate up to the maximum set by statute for the crime of

3    conviction.

4         12.    Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties

5    stipulate that defendant committed a separate violation of 21 U.S.C.

6    § 841(b)(1)(C) (distribution of fentanyl resulting in death), in

7    that, on or about August 3, 2020, defendant knowingly and

8    intentionally distributed fentanyl, the use of which resulted in the

9    death of R.A., and that such overdose death resulting from

10   defendant's distribution of fentanyl constitutes a more serious

11   offense than the offense of conviction for purposes of calculating

12   the applicable Sentencing Guidelines offense level.  Accordingly,

13   pursuant to U.S.S.G. §§ 2D1.1(a)(2), 1B1.2(a), and 1B1.2(c), the

14   parties stipulate that the Court should calculate the Sentencing

15   Guidelines as if defendant had been convicted of the offense

16   described in this paragraph and apply a base offense level 38.  The

17   parties further stipulate that application of such a base offense

18   level, which is greater than the base offense level that would

19   otherwise apply, is independently supported by U.S.S.G. §

20   5K2.1.  Defendant will not recommend, argue, or otherwise suggest

21   that the court impose a base offense level other than 38.

22        13.    Defendant and the USAO agree to the following applicable

23   Sentencing Guidelines factors:

24        Base Offense Level:              38        U.S.S.G. § 2D1.1(a)(2)

25   Defendant and the USAO reserve the right to argue that additional

26   specific offense characteristics, adjustments, and departures under

27   the Sentencing Guidelines are appropriate, subject to paragraphs 2(h)

28   and 3(e) above.

14.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), subject to paragraphs 2(h) and 3(e) above.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.    Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.    The right to persist in a plea of not guilty.

    b.    The right to a speedy and public trial by jury.

    c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.    The right to confront and cross-examine witnesses against defendant.

    f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

1        h.    Any and all rights to pursue any affirmative defenses,

2   Fourth Amendment or Fifth Amendment claims, and other pretrial

3   motions that have been filed or could be filed.

4                   WAIVER OF APPEAL OF CONVICTION

5        17.   Defendant understands that, with the exception of an appeal

6   based on a claim that defendant's guilty plea was involuntary, by

7   pleading guilty defendant is waiving and giving up any right to

8   appeal defendant's conviction on the offense to which defendant is

9   pleading guilty.  Defendant understands that this waiver includes,

10  but is not limited to, arguments that the statute to which defendant

11  is pleading guilty is unconstitutional, and any and all claims that

12  the statement of facts provided herein is insufficient to support

13  defendant's plea of guilty.

14          WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

15       18.   Defendant gives up the right to appeal all of the

16  following: (a) the procedures and calculations used to determine and

17  impose any portion of the sentence, with the exception of the Court's

18  calculation of defendant's criminal history category; (b) the term of

19  imprisonment imposed by the Court, including, to the extent permitted

20  by law, the constitutionality or legality of defendant's sentence,

21  provided it is within the statutory maximum; (c) the fine imposed by

22  the Court, provided it is within the statutory maximum; (d) the term

23  of probation or supervised release imposed by the Court, provided it

24  is within the statutory maximum; and (e) any of the following

25  conditions of probation or supervised release imposed by the Court:

26  the conditions set forth in Second Amended General Order 20-04 of

27  this Court; the drug testing conditions mandated by 18 U.S.C.

28

9

1  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

2  authorized by 18 U.S.C. § 3563(b)(7)

3      19.  Defendant also gives up any right to bring a post-

4  conviction collateral attack on the convictions or sentence, except a

5  post-conviction collateral attack based on a claim of ineffective

6  assistance of counsel, a claim of newly discovered evidence, or an

7  explicitly retroactive change in the applicable Sentencing

8  Guidelines, sentencing statutes, or statutes of conviction.

9  Defendant understands that this waiver includes, but is not limited

10  to, arguments that the statute to which defendant is pleading guilty

11  is unconstitutional, and any and all claims that the statement of

12  facts provided herein is insufficient to support defendant's plea of

13  guilty.

14      20.  This agreement does not affect in any way the right of the

15  USAO to appeal the sentence imposed by the Court.

16          <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

17      21.  Defendant agrees that if, after entering a guilty plea

18  pursuant to this agreement, defendant seeks to withdraw and succeeds

19  in withdrawing defendant's guilty plea on any basis other than a

20  claim and finding that entry into this plea agreement was

21  involuntary, then (a) the USAO will be relieved of all of its

22  obligations under this agreement; and (b) should the USAO choose to

23  pursue any charge that was either dismissed or not filed as a result

24  of this agreement, then (i) any applicable statute of limitations

25  will be tolled between the date of defendant's signing of this

26  agreement and the filing commencing any such action; and

27  (ii) defendant waives and gives up all defenses based on the statute

28  of limitations, any claim of pre-indictment delay, or any speedy

1   trial claim with respect to any such action, except to the extent

2   that such defenses existed as of the date of defendant's signing this

3   agreement.

4                  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

5        22.  Defendant agrees that if the count of conviction is

6   vacated, reversed, or set aside, both the USAO and defendant will be

7   released from all their obligations under this agreement.

8                       EFFECTIVE DATE OF AGREEMENT

9        23.  This agreement is effective upon signature and execution of

10  all required certifications by defendant, defendant's counsel, and an

11  Assistant United States Attorney.

12                         BREACH OF AGREEMENT

13       24.  Defendant agrees that if defendant, at any time after the

14  signature of this agreement and execution of all required

15  certifications by defendant, defendant's counsel, and an Assistant

16  United States Attorney, knowingly violates or fails to perform any of

17  defendant's obligations under this agreement ("a breach"), the USAO

18  may declare this agreement breached.  All of defendant's obligations

19  are material, a single breach of this agreement is sufficient for the

20  USAO to declare a breach, and defendant shall not be deemed to have

21  cured a breach without the express agreement of the USAO in writing.

22  If the USAO declares this agreement breached, and the Court finds

23  such a breach to have occurred, then: (a) if defendant has previously

24  entered a guilty plea pursuant to this agreement, defendant will not

25  be able to withdraw the guilty plea, and (b) the USAO will be

26  relieved of all its obligations under this agreement.

27       25.  Following the Court's finding of a knowing breach of this

28  agreement by defendant, should the USAO choose to pursue any charge

                                    11

that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.   While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

1

                          NO ADDITIONAL AGREEMENTS

2          29.   Defendant understands that, except as set forth herein,

3    there are no promises, understandings, or agreements between the USAO

4    and defendant or defendant's attorney, and that no additional

5    promise, understanding, or agreement may be entered into unless in a

6    writing signed by all parties or on the record in court.

7              PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8          30.   The parties agree that this agreement will be considered

9    part of the record of defendant's guilty plea hearing as if the

10   entire agreement had been read into the record of the proceeding.

11   AGREED AND ACCEPTED

12   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
13   CALIFORNIA

14   STEPHANIE S. CHRISTENSEN
     Acting United States Attorney

15

16   _____          _____8/29/22_____

17   NIKKI BURACCHIO ELKERTON                  Date
     Assistant United States Attorney

18   _____          _____8/26/22_____

19   MATTHEW BENJAMIN HURLEY                   Date
     Defendant

20

21   _____          _____8/26/22_____

22   SAMUEL CROSS, DFPD                        Date
     Attorney for Defendant
23   MATTHEW BENJAMIN HURLEY

24

25                       CERTIFICATION OF DEFENDANT

26         I have read this agreement in its entirety.  I have had enough

27   time to review and consider this agreement, and I have carefully and

28   thoroughly discussed every part of it with my attorney.  I understand

                                     14

1   the terms of this agreement, and I voluntarily agree to those terms.

2   I have discussed the evidence with my attorney, and my attorney has

3   advised me of my rights, of possible pretrial motions that might be

4   filed, of possible defenses that might be asserted either prior to or

5   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

6   of relevant Sentencing Guidelines provisions, and of the consequences

7   of entering into this agreement.  No promises, inducements, or

8   representations of any kind have been made to me other than those

9   contained in this agreement.  No one has threatened or forced me in

10  any way to enter into this agreement.  I am satisfied with the

11  representation of my attorney in this matter, and I am pleading

12  guilty because I am guilty of the charge and wish to take advantage

13  of the promises set forth in this agreement, and not for any other

14  reason.

15

16  _____        ___8/26/22_____
    MATTHEW BENJAMIN HURLEY                 Date
17  Defendant

18

19                  CERTIFICATION OF DEFENDANT'S ATTORNEY

20      I am MATTHEW BENJAMIN HURLEY's attorney.  I have carefully and

21  thoroughly discussed every part of this agreement with my client.

22  Further, I have fully advised my client of his rights, of possible

23  pretrial motions that might be filed, of possible defenses that might

24  be asserted either prior to or at trial, of the sentencing factors

25  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

26  provisions, and of the consequences of entering into this agreement.

27  To my knowledge: no promises, inducements, or representations of any

28  kind have been made to my client other than those contained in this

                                    15

1  agreement; no one has threatened or forced my client in any way to
2  enter into this agreement; my client's decision to enter into this
3  agreement is an informed and voluntary one; and the factual basis set
4  forth in this agreement is sufficient to support my client's entry of
5  a guilty plea pursuant to this agreement.

6  _____        _____8/26/22_____
7  SAMUEL CROSS, DFPD                        Date
   Attorney for Defendant
8  MATTHEW BENJAMIN HURLEY

16

# EXHIBIT A

1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

9                            SOUTHERN DIVISION

10   UNITED STATES OF AMERICA,              SA CR 21-192(A)-JVS

11            Plaintiff,                    F I R S T
                                            S U P E R S E D I N G
12            v.                            I N F O R M A T I O N

13   MATTHEW BENJAMIN HURLEY,               [21 U.S.C. §§ 841(a)(1),
       aka "Matt Hurley,"                   (b)(1)(C): Possession with Intent
14                                          to Distribute Fentanyl]
              Defendant.
15

16

17       The Acting United States Attorney charges:

18                  [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

19       On or about August 3, 2020, in Orange County, within the

20   Central District of California, defendant MATTHEW BENJAMIN HURLEY,

21   also known as "Matt Hurley," knowingly and intentionally possessed

22   //

23   //

24   //

25   //

26   //

27   //

28   //

with intent to distribute fentanyl, a Schedule II narcotic drug controlled substance.

STEPHANIE S. CHRISTENSEN
Acting United States Attorney


SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Santa Ana Branch

NIKKI BURACCHIO ELKERTON
Assistant United States Attorney
Santa Ana Branch Office